IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE TOWNS, # B39649, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1455-MJR |
| | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| JACQUELINE LASHBROOK, and | ) |
| M. SIDDIQUI, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *Id. See* 28 U.S.C. § 1914(a). Plaintiff represents that he is indigent. *Id.*

In support of this request, Plaintiff discloses a single source of income during the twelve months preceding his filing of the IFP Motion, *i.e.*, from 7/30/2017 to 7/30/2018. (Doc. 2, pp. 1-3). Plaintiff asserts that he receives $10 per month from Menard Correctional Center. (Doc. 2, p. 1). Beyond this, he discloses no other income, assets, gifts, etc. (Doc. 2, pp. 1-3). Plaintiff also does not disclose any outstanding obligations. *Id.*

Plaintiff offers no explanation in his IFP Motion for funds he has received from third parties during the relevant time. This includes money he received from Verlean Towns in the

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

1

amount of $100 on February 10, 2018, $100 on April 1, 2018, $100 on May 19, 2018, and $100 on June 16, 2018 and from "Young V Cook County, 5614" in the amount of $300.66 on February 20, 2018. (Doc. 2, p. 5). The Court also suspects that Plaintiff may have received a monetary settlement in *Towns v. Dart*, No. 14-cv-9617 (N.D. Ill. June 25, 2018). A settlement is reflected on the docket in that case on May 7, 2018. *Id.* If Plaintiff received funds from this settlement, he did not disclose them despite his obligation to disclose income he received in the past twelve months from "[a]ny other sources." (Doc. 2, p. 2).

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Given that Plaintiff failed to disclose the funds he received from Verlean Towns and Young V Cook County, 5614, and may have failed to disclose any funds he received from the settlement of *Towns v. Dart*, No. 14-cv-9617, the Court will require him to explain why he omitted this material information from his request for IFP status before deciding his IFP motion and allowing him to proceed with this case.

Plaintiff is **ORDERED** to **SHOW CAUSE** within 30 days of the date of this Order (on or before October 9, 2018) why his IFP Motion should not be denied and/or this case dismissed based on his failure to disclose material financial information in his IFP Motion, including funds

he received between July 30, 2017 and July 30, 2018 from third parties and/or pursuant to settlement agreement.

By the above deadline, Plaintiff must file a signed affidavit setting forth a complete listing of all income or assets he acquired between July 30, 2017 and July 30, 2018. In his affidavit, Plaintiff must also disclose all funds he received from any third party and/or pursuant to a settlement agreement in a civil action. Further, Plaintiff is **WARNED** that his entire case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) if the Court finds that the allegations of poverty are/were untrue. If the Court finds that Plaintiff has failed to show cause by the above deadline why he should not be sanctioned for failure to disclose income, an order shall be entered denying his IFP Motion.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: September 7, 2018**

s/ MICHAEL J. REAGAN<br>United States Chief District Judge