IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DWAYNE TOWNS, #B39649, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−01455−MJR |
| MENARD CORRECTIONAL CENTER, JACQUELINE LASHBROOK, and M. SIDDIQUI, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dwayne Towns, an inmate who is currently incarcerated in Menard Correctional Center ("Menard"), brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he has been denied adequate medical treatment for the lingering effects of a traumatic brain injury that still causes seizures, right-sided numbness, and a limp. (Doc. 1, pp. 7-16). Plaintiff allegedly requires a special needs permit, a cane or crutch, and a referral to an outside specialist, all of which the defendants have delayed or denied. He seeks monetary damages and injunctive relief against them. *Id*.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Several years before he was incarcerated at Menard, Plaintiff sustained a skull fracture and brain injury that continues to cause seizures, right-sided numbness, and a permanent limp. (Doc. 1, pp. 7-16). He was issued a special needs permit and a crutch at Stateville Correctional Center. When Plaintiff transferred to Menard on May 23, 2017, these items were confiscated from him. Plaintiff sought reinstatement of the permit and use of a crutch or cane. After noticing progressive right-sided numbness, he also requested further evaluation and treatment with a neurologist. In response, Doctor Siddiqui ordered x-rays of Plaintiff's skull and right hand and reinstated his special needs permit. However, the doctor determined that nothing more could be done to help Plaintiff and denied his related requests for a crutch, cane, and medical referral. Plaintiff seeks monetary damages, a cane or crutch, and a referral to a neurologist. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for delaying or denying Plaintiff's access to a special needs permit, a cane or crutch, and a referral to a specialist for treatment of progressive right-sided numbness associated with a past brain injury.
>
> **Count 2:** Americans with Disabilities Act ("ADA") and/or Rehabilitation Act claim against Defendants for failing to accommodate Plaintiff's disability.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise ordered. **Any claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Count 1

To state an Eighth Amendment claim based on the denial of medical care, Plaintiff must show that (1) he suffered from a sufficiently serious medical condition (objective standard), and (2) state officials responded to it with deliberate indifference (subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The allegations satisfy both components of this claim at screening. Plaintiff's traumatic brain injury resulted in long-term side effects that are objectively serious enough to support this claim. The allegations also suggest that Doctor Siddiqui was "personally responsible for the deprivation of a constitutional right," when he denied Plaintiff's request for an assistive device and treatment. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Count 1 is subject to further review against this individual.

This claim shall be dismissed against the other two defendants. Menard is not a "person" who is subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, Warden Lashbrook is not subject to suit simply because of her supervisory position. The doctrine of *respondeat superior* is inapplicable under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Further, the warden is not mentioned in the statement of claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The exhibits do not suggest that Warden Lashbrook interfered in a constitutional sense with Plaintiff's access to a crutch or medical care. Count 1 shall therefore be dismissed with prejudice against Menard and Warden Lashbrook.

### Count 2

Plaintiff does not mention a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e. However, courts "are supposed to analyze a *pro se* litigant's claims and not just legal theories that he propounds." *See*

*Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). Claims under the ADA and Rehabilitation Act are "functionally identical." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citations omitted). Both require Plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). The Rehabilitation Act also requires the relevant state agency to accept federal funds. *Id*. at 671 (citations omitted). Count 2 fails because Plaintiff does not allege that he was denied access to any service, program, or activity because of a disability. This claim shall be dismissed without prejudice.

## Interim Relief

Plaintiff does not request a temporary restraining order or a preliminary injunction in the Complaint. He has not filed a separate motion seeking this relief under Rule 65(a) or (b) of the Federal Rules of Civil Procedure. However, Plaintiff has been denied an assistive device at Menard and indicates that further evaluation and treatment of his progressive right-side numbness is warranted. Out of an abundance of caution, the Court will direct the Clerk to add a Motion for Preliminary Injunction to the docket sheet in CM/ECF and add the Warden of Menard Correctional Center, in his or her official capacity, for purposes of implementing any injunctive relief that is ordered in this case. If Plaintiff wishes to pursue a request for interim relief at this time, he must file a brief in support of the motion consistent with the below instructions and deadline.

## Disposition

Based on Plaintiff's request for injunctive relief in the Complaint (Doc. 1, p. 7), the Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction and **ADD** the **WARDEN of MENARD CORRECTIONAL CENTER (official capacity only)** as a defendant in CM/ECF. (Doc. 1, p. 8). However, Plaintiff did not file a separate motion in support of a request for

preliminary injunctive relief or set forth the reasons he is entitled to relief under Rule 65(a) of the Federal Rules of Civil Procedure. Therefore, if Plaintiff wishes to pursue the Motion, he must file a brief in support of the Motion for Preliminary Injunction within thirty (30) days **(on or before January 18, 2019).** Failure to do so will result in dismissal of the Motion *without* prejudice.

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **M. SIDDIQUI**. However, **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim against all other defendants.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against the defendants. The Clerk is **DIRECTED** to **TERMINATE** Defendants Menard Correctional Center and Jacqueline Lashbrook as defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **M. SIDDIQUI and WARDEN of MENARD CORRECTIONAL CENTER (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including handling of the Motion for Preliminary Injunction. Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/19/2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

**Notice**

**The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**