# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE TOWNS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-1455-SMY-RJD |
| MENARD CORRECTIONAL CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 31) recommending the granting of Defendant Siddiqui's Motion for Summary Judgment (Doc. 28) and Defendant Lawrence's Motion to Dismiss (Doc. 24). Plaintiff filed an objection (Doc. 34)[1]. For the following reasons, Judge Daly's Report is **ADOPTED**.

### Background

Plaintiff Dwayne Towns, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff asserts an Eighth Amendment deliberate indifference claim against Defendant Siddiqui for allegedly delaying or denying him access to a special needs permit, a cane or crutch, and a referral to a specialist for treatment of progressive right-sided

---

[1] The Court will consider Plaintiff's objection although it was filed three weeks after the response period ended.

numbness associated with a past brain injury. Defendant moved for summary judgment, contending Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

For her Report, Judge Daly examined Plaintiff's emergency grievances dated January 2, 2018 and April 15, 2018. She found that the January 2, 2018 grievance did not exhaust Plaintiff's administrative remedies because Plaintiff submitted the grievance directly to the Administrative Review Board ("ARB") instead of following procedure which requires the grievance to be submitted to staff at Menard. She also concluded the April 15, 2018 grievance did not exhaust Plaintiff's remedies because Plaintiff failed to appeal the grievance to the ARB.

## Discussion

For his objection, Plaintiff does not take issue with Judge Daly's findings in the Report. Rather, he asserts that he has written several grievances requesting to see a neurologist or to have an M.R.I. performed.

When no specific objections to a Report and Recommendation are made, the Court need not conduct a *de novo* review of the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court reviews the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Code governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer;

(2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB in writing within 30 days.  20 ILCS §§ 504.830, 504.850(a).

Here, it is apparent that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  The January 2, 2018 grievance was never submitted to Menard staff for review even after the ARB directed Plaintiff to submit the grievance in the normal manner.  The April 2018 grievance was submitted to the grievance officer and the CAO, but Plaintiff did not appeal the CAO's decision to the ARB prior to filing this lawsuit.

The Court finds no clear error in Judge Daly's findings, analysis and conclusions, and adopts her Report and Recommendation in its entirety.  Accordingly, Defendant Siddiqui's Motion for Summary Judgment (Doc. 28) and Defendant Lawrence's Motion to Dismiss (Doc. 24) are **GRANTED**.  This case is **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  October 17, 2019**

**STACI M. YANDLE**
**United States District Judge**